UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT WALKER,<br>　　　Petitioner,<br><br>v.<br><br>CONNECTICUT SUPERIOR<br>COURT, *et al.*,<br>　　　Respondents. | :<br>:<br>:<br>:　　No. 3:15-cv-935 (JAM)<br>:<br>:<br>:<br>: |

**ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 1915A**

Petitioner Robert Walker is a state prisoner serving his sentence with the Connecticut Department of Correction. He has commenced this *pro se* action against three defendants: the Connecticut Superior Court, the Office of the State's Attorney for the Judicial District of Middletown, and Senior Assistant State's Attorney Russell C. Zentner. Petitioner principally contends that he was sentenced on the basis of false information that he did not have a fair opportunity to rebut.

**BACKGROUND**

Petitioner alleges that he was convicted on charges of sexual assault and kidnapping and that he was sentenced in April 2001 to a total effective sentence of 50 years, suspended after 32 years, with 20 years probation. He further alleges that the state sentencing court enhanced his sentence on the basis of information relating to a previous sexual assault conviction in 1991. Petitioner contends this information was false and that respondent Zentner submitted the allegedly false information to the court. Petitioner also contends that this adverse information was not timely provided to his counsel. Petitioner alleges that his counsel did not receive this adverse information until the day of or day before sentencing and that the presentence

investigation report was not shown to him prior to the sentencing, thereby preventing him from being able to challenge the false information in the report.

Petitioner's filing includes as an attachment a copy of a motion he filed in state court in August 2014 seeking to correct his sentence on the above-stated grounds. It is not known whether the state court has acted on this motion or whether petitioner has appealed or sought further review of any decision on this motion. Petitioner now seeks from this Court a declaration that respondents violated his constitutional rights, and he seeks an injunction ordering respondents to remove and destroy the presentence investigation reports that were used for his sentencings in 1991 and 2001.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Petitioner has styled his filing as an "Ex Parte Petition for this Court to Render Its Pendent Jurisdiction." A federal court's exercise of pendent (or supplemental) jurisdiction

presupposes the existence of a state law claim that is ancillary to a federal law claim. *See, e.g.,* 28 U.S.C.§ 1367(a); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Here, petitioner does not allege a violation of state law. Rather, he claims that he has been deprived of his rights under the federal constitution. Accordingly, the Court may not exercise "pendent" jurisdiction as petitioner requests.

Petitioner further states that he brings this action pursuant to the Court's diversity jurisdiction, ostensibly on grounds that a witness who allegedly made false statements against him during his criminal proceedings in 1991 is not a Connecticut resident. That person, however, is not named as a defendant and, because the remaining parties are all from Connecticut, it is apparent that diversity jurisdiction is lacking. *See* 28 U.S.C. § 1332; *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

This leaves me to consider what possible grounds exist for the exercise of jurisdiction over the petition. Two possibilities emerge. On the one hand, in view that petitioner alleges a violation of his federal constitutional rights and seeks an order for declaratory relief and to expunge his state sentencing files, this action might be considered as having been filed as a constitutional civil rights claim pursuant to 42 U.S.C. § 1983. On the other hand, in view that petitioner styles his pleading as a "petition" and challenges in substance the sentence that he received in state court, this action might be considered as a petition for writ of habeas corpus under 28 U.S.C. § 2254. I will consider both of these alternatives in turn.

Section 1983 authorizes a cause of action in federal court against any person who acts under color of state law to deprive the constitutional rights of another. It is clear, however, that petitioner's claim cannot succeed under Section 1983. To begin with, two of the three defendants—the Connecticut Superior Court and the Office of the State's Attorney—are not

"persons" that may be sued under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, petitioner challenges the validity of his sentence, and the Supreme Court has held that, if a determination favorable to the plaintiff in a Section 1983 action "would necessarily imply the invalidity of his conviction or sentence," then a plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can seek relief under Section 1983. *See Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Petitioner has not made that showing here.

Nor will the Court consider the petition to be a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. With certain exceptions, a prerequisite to habeas corpus relief is that a petitioner have previously presented and fully exhausted his federal claims in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); *see also Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it") (citation omitted). So far as I can tell, petitioner has filed a motion to correct his sentence in state court, but it is not clear whether the state trial court has ruled on this motion, much less does it seem that petitioner has exhausted all possible appeals to state appellate courts.

In addition, subject to certain exceptions, federal law requires that a federal petition for habeas corpus relief be filed within one year of a state court conviction becoming final. *See* 28 U.S.C. § 2244(d)(1).[1] A state court conviction becomes "final" at the conclusion of any direct

---

[1] The statute, 28 U.S.C. § 2244(d)(1), provides in full as follows:
"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

appeal of a conviction—specifically, on the date when the highest court to which petitioner has sought review has denied relief or, if he has not sought such review, the date when the time for seeking such review has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

The one-year time limit is subject to tolling for certain reasons. First, the time limit may be tolled for any period of time that a petitioner has maintained collateral or other non-direct-appeal challenges to his conviction in the state courts (for example, by means of filing a state court habeas corpus petition). *See* 28 U.S.C. § 2244(d)(2).[2] *See also Lawrence v. Florida*, 549 U.S. 327 (2007); *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). The time limit may also be subject to tolling if there are truly extraordinary equitable circumstances that prevented a petitioner from filing a petition on time. *See, e.g., Holland v. Florida*, 560 U.S. 631 (2010); *Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011) (*per curiam*).

Here, petitioner is challenging a sentence imposed more than 14 years ago in 2001. He provides no information regarding any direct appeal or other tolling circumstances that might warrant a conclusion that a federal habeas corpus petition could still be timely filed.

## CONCLUSION

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
[2] The statute, 28 U.S.C. § 2244(d)(2), provides in full as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The petition is dismissed. Petitioner may file a federal petition for writ of habeas corpus to challenge his sentence if he can demonstrate that he has exhausted his state court remedies and that the petition is timely filed.

The Clerk is directed to enter judgment and close this case.

It is so ordered.

Dated at Bridgeport this 30th day of June 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge