# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROBERT WALKER,
    Petitioner,

    v.

CONNECTICUT SUPERIOR COURT, *et al.*,
    Respondents.

No. 3:15-cv-935 (JAM)

## ORDER RE MOTION FOR RECONSIDERATION

Petitioner Robert Walker has filed a motion for reconsideration in response to this Court's order (Doc. #6) dismissing his action against the Connecticut Superior Court, the Office of the State's Attorney for the Judicial District of Middletown, and Senior Assistant State's Attorney Russell C. Zentner pursuant to 28 U.S.C. § 1915A. Petitioner contends that the Court misinterpreted his petition to the extent that it did not address his request for the Court to authorize the perpetuation of testimony pursuant to Fed. R. Civ. P. 27. He now clarifies that he seeks to depose three individuals who reside outside of Connecticut and whose testimony he claims will enable him to bring an action cognizable in federal court.

Rule 27 is steeped in a tradition of Roman law and English chancery practice that long precedes the United States Constitution. *See Mosseller v. United States*, 158 F.2d 380, 381 (2d Cir. 1946). The rule permits a party to file a petition seeking an order from the district court authorizing the deposition of named persons for purposes of an action that petitioner expects to be cognizable in a United States court but that cannot presently be brought.[1] To obtain relief

---

[1] Fed. R. Civ. P. 27 provides as follows:

"A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

under Rule 27, a petitioner must present a factual showing that is sufficient to support the expectation of a federal action. *See* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 2072 (3d ed.); *see also Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 484 (4th Cir. 1999) (Rule 27 does not require "absolute certainty" but petitioner must show "sufficient likelihood that the expected litigation will eventuate") (internal quotation marks and citation omitted). A petitioner must also demonstrate "a specific need to preserve the testimony, and that a loss of the testimony would result in a failure of justice." *Norex Petroleum Ltd. v. Access Indus., Inc.,* 620 F. Supp. 2d 587, 591 (S.D.N.Y. 2009) (internal quotation marks and citation omitted).

Petitioner has not met Rule 27's requirements. He has not established a sufficient likelihood of an action that will be cognizable in a federal court. The Court's prior order dismissing this case discusses at length why petitioner has no cognizable federal action. As to any potential federal civil rights claim under 42 U.S.C. § 1983, the prior order made clear that such an action may not proceed unless and until petitioner independently establishes the invalidity of his state court conviction or sentence (such as by means of obtaining relief in state court with respect to his pending state habeas petition). *See* Doc. #6 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). On similar facts involving an inmate seeking to challenge a state court murder conviction, the Fifth Circuit has affirmed denial of a Rule 27 petition for failure of the petitioner to show that he had exhausted his claims in state court or that his conviction had been overturned or otherwise declared invalid. *See Reger v. Walker,* 312 Fed. App'x 624, 625 (5th Cir. 2009) (*per curiam*).

---

(B) the subject matter of the expected action and the petitioner's interest;
(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
(E) the name, address, and expected substance of the testimony of each deponent."

Petitioner argues that "the Court has ignored [his] stated intent to perpetuate testimony under Rule 27 FRCP, so that he can prevail, which would allow him to overcome *Heck v. Humphrey*." Doc. #7 at 5. But petitioner can "overcome" the requirement of *Heck v. Humphrey* only by means of obtaining habeas corpus relief in state court (or habeas corpus relief in a federal court if he can file a timely petition pursuant to 28 U.S.C. § 2254 after fully exhausting his claims in the state courts, which he has failed to do). There is no basis at this time to conclude that petitioner has a cognizable action against the named defendants in a federal court.

Petitioner also seeks leave to file an amended petition and complains that the Court acted too quickly in dismissing his petition when he had been planning to amend his petition. But petitioner does not describe how he would amend the petition, much less why any amendment would not be an exercise in futility. *See, e.g., Betts v. Shearman*, 751 F.3d 78, 86 (2d Cir. 2014). Here, it is clear that petitioner has no cognizable federal court claim against any of the named defendants in this action until such time as he obtains relief in state court or fully exhausts his challenges to his conviction and sentence in state court. Accordingly, the Court will not grant leave to amend the petition.

The Court GRANTS petitioner's motion for reconsideration but adheres to its prior decision dismissing the petition with prejudice.

It is so ordered.

Dated at New Haven this 23rd day of July 2015.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge